GERALD M. NOVOTNY, Plaintiff-Appellant, *v.* WHEELER MOTT *et al.*, Defendants-Appellees—(DOLORES KURTZ, Admrx. of the Estate of Norbert R. Kurtz, Deceased, *et al.*, Defendants.)

(No. 56146;

First District—December 7, 1972.

Thompson & Thompson, of Chicago, (Paul Thompson, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Vincent Bentivenga, Jr., and Fredric B. Weinstein, Assistant State's Attorneys, of counsel,) for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff brought this action in the circuit court of Cook County against a number of defendants to recover damages for personal injuries sustained as the result of an automobile collision. Prior to trial, the cause was dismissed as to all parties except the defendants, County of Cook and Wheeler Mott, a Cook County police officer. The trial court, at the close of plaintiff's case, directed a verdict for defendants on the ground that Officer Mott was in the exercise of a "quasi-judicial" function so that defendants were immune from liability. Plaintiff maintains that the trial court's determination was contrary to present law. Defendants urge that the trial court was correct in its ruling, and, as an additional ground for affirming the judgment, defendants contend that, as a matter of law, plaintiff was guilty of contributory negligence.

The facts adduced at trial showed that one of Officer Mott's duties was to investigate automobile accidents and to protect the scene of accidents. Approximately 45 minutes before the instant accident occurred, Mott was called to the intersection of 31st Street and Wolf Road to investigate an accident. The victims of the first accident had been removed to the hospital so Mott, as per instructions from a superior, proceeded to interview them. Before doing so, he noticed that the stop and go lights at the intersection were not functioning. Mott testified that he left flares at the intersection, but could not be sure whether the flares were designed to burn for ten minutes or for 30 minutes. Mott also testified that the weather conditions and visibility were poor; there was a slight drizzle which was creating a mist on the pavement. There were no other lights of any kind at this intersection.

Plaintiff testified that at about 9:00 P.M. he was driving east on 31st Street, a four-lane highway. The weather conditions limited visibility so that he did not see the posts which held the stop and go lights until he was 15 yards from the west side of the intersection. The lights were not in operation. Plaintiff also testified that he was travelling at approximately 40 or 45 miles an hour, in a 50 mile an hour zone. He could not brake his car without skidding into the intersection out of control because of the weather and road conditions. Plaintiff removed his foot from the accelerator, entered the intersection and collided with an automobile which was travelling north on Wolf Road.

■■ We initially and briefly consider the trial court's determination that defendants were immune from liability because Officer Mott's actions in

question were "quasi-judicial." This immunity has been eliminated by the decision in *Molitor v. Kaneland Community Unit Dist. No. 302*, 18 Ill.2d 11, 163 N.E.2d 89, which held that governmental immunity from tort liability could no longer be maintained. The trial court, therefore, erred in directing a verdict in favor of defendants on the ground that they were immune from liability.

Defendants make no serious argument that Officer Mott's action in leaving the intersection unprotected while aware that the traffic lights were not operating was not *prima facie* negligent, or that such negligence was not a proximate cause of plaintiff's injuries. Defendants, however, contend that the judgment should be affirmed because plaintiff was guilty of contributory negligence as a matter of law.

■■ The question of contributory negligence is ordinarily one of fact to be determined by the jury from all the facts and circumstances in evidence. (*Osborne v. Redell*, 22 Ill.App.2d 193, 159 N.E.2d 841.) Contributory negligence will be found as a matter of law only where the evidence is such that all reasonable men would reach the same conclusion. (*Wojtowicz v. Sarno*, 45 Ill.App.2d 223, 195 N.E.2d 218.) In the instant case, the evidence revealed that plaintiff was travelling under the speed limit, that he took his foot off the accelerator as soon as he saw the darkened intersection and that he looked for oncoming traffic. Plaintiff further testified that he was unable to brake his car because the weather conditions rendered that action hazardous. Plaintiff's exercise of due care for his own safety was an issue properly for the jury.

For the reasons stated, the judgment of the circuit court is reversed, and the cause is remanded for a new trial.

Judgment reversed and cause remanded.

McGLOON, P. J., and DEMPSEY, J., concur.